UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00177-GNS

ROZELL DESHUN MARTIN                                                         PETITIONER

VS.

RANDY WHITE, WARDEN                                                          RESPONDENT

MEMORANDUM, OPINION,
AND ORDER

Petitioner Rozell Deshun Martin is serving a prison sentence resulting from a conviction for incest in the Circuit Court of Logan County, Kentucky (DN 23-8, Final Judgement and Sentence of Imprisonment). He appealed his case to the Kentucky Supreme Court, who upheld his conviction in full. Martin v. Commonwealth, No. 2013-SC-000071-MR, 2014 WL 5410241, at *3-4 (Ky. Oct. 23, 2014). Pursuant to Kentucky Rule of Civil Procedure 76.30(2)(a), the judgment became final 21 days later on November 13, 2014. Neither party disputes this much.

Martin claims he subsequently filed a motion to vacate, set aside, or correct sentence pursuant to Ky. RCr. 11.42 on July 7, 2015 (DN 1 at PageID # 266). The Warden, however, claims that, to its knowledge, Martin did not file such a motion (DN 23 at PageID # 344). In support of its claim, the Warden has provided a copy of the electronic docket sheet for Martin's case, and sure enough, there is no entry indicating any filing around July 7, 2015 (DN 23-12). But attached to Martin's petition (DN 1) are a number of motions, complete with notarized verifications and certificates of service indicating a mailing date of July 7, 2015 (DN 1-5 at PageID # 56, Motion Pursuant to RCr 11.42; PageID # 61, Motion for Evidentiary Hearing; PageID # 63, Motion for Findings of Fact and Conclusions of Law; PageID # 64, Motion for Appointment of Counsel). Additionally, Martin included a seventeen-page memorandum of law

in support of his 11.42 motion (Id. at PageID # 67-84) plus attached exhibits.

According to the Warden and the Logan County Circuit Court, Martin did not file an 11.42 motion until September 16, 2016 (DN 23 at PageID # 344; DN 23-16, Order from Logan Circuit Court). Of note, Martin styled this document as a supplemental 11.42 motion, and in it he included reference to the disputed July, 2015 motion, which he stated had been filed but not ruled on (DN 23-14, Supplemental RCr 11.42 Motion). The Commonwealth responded, arguing alternatively that the supplemental motion was untimely because there was no record of the 2015 motion, but even if the motion were timely, it failed on the merits (DN 23-15, Commonwealth's Response to Supplemental 11.42 Motion).

The Logan Circuit Court issued a short order denying Martin's supplemental 11.42 motion on August 4, 2017, holding that the supplemental motion was untimely, and even if it were not, Martin had failed to allege sufficient facts to demonstrate ineffective assistance of trial counsel (DN 23-16). Here again, however, there exists a question of fact. Martin asserts he has never received the August 4, 2017 ruling from the Logan Circuit Court (DN 38 at PageID # 917). To support this claim, Martin attached a log kept by the prison detailing the dates and senders of his legal mail (DN 38-1). This log reflects no mail from the Logan Circuit Court from the date of the order denying the supplemental 11.42 motion through the filing of the exhibit on November 16, 2017. Additionally, the undersigned notes that the Courtnet printout provided by the Warden appears to have the incorrect address for Martin. Courtnet lists the address as "Kentucky State Penitentiary, 266 Water Street, **Russellville**, KY, **42276** (DN 23-12 PageID # 452). However, Martin's filing with the Logan Circuit Court clearly lists the prison address as 266 Water Street, **Eddyville**, KY, **42038** (DN 23-14 PageID # 718). Moreover, the undersigned questions whether the Circuit Court would have concluded as it did that Martin had failed to

allege specific factual information regarding his ineffective assistance of counsel claims had it taken under consideration Martin's original seventeen-page memorandum of law and attached exhibits rather than basing its ruling solely on the terse supplemental motion.

In short, the undersigned cannot resolve this procedural conflict on the evidence presently before the Court. Respondent's brief focuses exclusively on the merits of Martin's claims as well as the exhaustion issue. But the Warden presently, and the Commonwealth formerly, have failed to stake a definite position dating back to Martin's July, 2015 11.42 motion. While the Warden refers to the 2015 motion as an "alleged filing" (DN 23 at PageID # 344), the Warden fails to raise any argument that Martin's petition is time barred. As previously noted, Martin's sentence became final on November 13, 2014. Thus, if the Warden's position is that Martin did not file the July, 2015 11.42 motion, then the statute of limitations on Martin's federal habeas claim never tolled, and his time to file the present 2254 petition expired long before he filed the supplemental 11.42 motion. *See* 28 U.S.C. § 2244(d)(1). Equally concerning is Martin's claim, apparently verified by the prison's mail log and an incorrect address in the court's docket sheet, that he never received notice of the Logan Circuit Court's ruling. The Warden argues Martin's ineffective assistance of counsel claims are not exhausted but fails to address the critical inquiry of notice. Surely it cannot be the Warden's position that Martin has procedurally defaulted arguments because he failed to appeal a decision that, through no fault of his own, he never received. Therefore, the undersigned concludes that supplemental briefing and likely supplemental evidence is required so that the Court can make a just and correct recommendation with regard to Martin's petition.

# ORDER

**IT IS HEREBY ORDERED** that the Warden shall conduct appropriate inquiries to determine whether Martin's July, 2015 11.42 motion was received by the prison's mailroom with sufficient postage, and submit a brief with supporting affidavits and exhibits outlining a position on whether the instant petition is time barred **BY NO LATER THAN** March 13, 2018. Martin may file a response brief with supporting affidavits and exhibits **BY NO LATER THAN** March 27, 2018.

**IT IS FURTHER ORDERED** that the Warden shall investigate whether the Logan Circuit Court order of August 4, 2017 was sent to the prison, and if so, submit a memorandum with supporting affidavits and exhibits detailing why Martin's incoming mail log does not reflect that he received notice of the unfavorable decision **BY NO LATER THAN** March 13, 2018. Martin may file a response brief with supporting affidavits and exhibits **BY NO LATER THAN** March 27, 2018.

Copies:   Rozell Deshun Martin, *pro se*
          Counsel of Record