IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| **ROZELL DESHUN MARTIN** | ) |
| PETITIONER | ) Civil Action No. 1:16cv-00177-GNS |
| v. | ) Judge Greg N. Stivers |
| **RANDY WHITE,** *Warden* | ) |
| RESPONDENT | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Rozell Deshun Martin has filed motions for the appointment of counsel (DN 5) and for an evidentiary hearing (DN 7). The District Judge denied the motions as premature without prejudice (DN 14). Martin filed renewed motions (DN 32 (appointment of counsel), DN 33 (motion for evidentiary hearing)). The Warden responded to Martin's motion for an evidentiary hearing (DN 35). For the reasons that follow, Martin's motions are granted.

Discussion

In determining whether to grant an evidentiary hearing, a District Court must resolve two separate concerns: (1) whether the hearing is necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts; and (2) whether the hearing is permissible under 28 U.S.C. § 2254(e)(2). See Zimmerman v. Davis, 683 F.Supp.2d 523, 532 (E.D. Mich. 2010). With respect to the first issue, Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part as follows:

> **(a) Determining Whether to Hold a Hearing.** If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

The district court has the discretion to determine whether a habeas corpus petitioner is entitled to an evidentiary hearing. Riley v. Lockhart, 726 F.2d 421 (8th Cir. 1984); Reese v. Fulcomer, 946 F.2d 247 (3rd Cir. 1991). An evidentiary hearing is unnecessary where the petitioner would not be entitled to relief if his asserted version of the events were believed, Procunier v. Atchley, 400 U.S. 446 (1971), or where a purely legal issue is presented. Bradley v. Cowan, 500 F.2d 380, 381 (6th Cir. 1974).

Here, Martin has advanced two similar claims of ineffective assistance of counsel that the undersigned concludes require further development. First, Martin alleges that trial counsel's failure to investigate the victim's alleged prior sexual abuse accusations against her step-father amounted to deficient performance that substantially prejudiced him. A review of the material submitted thus far suggests that Martin's trial involved, though not exclusively, at least significant reliance on credibility evidence. If the accuser in this case made prior allegations, and counsel did nothing to investigate the veracity of those prior allegations, as Martin alleges, then there exists a plausible scenario where further evidence might support a finding of deficient performance resulting in prejudice. Similarly, Martin asserts trial counsel was deficient for failing to call witnesses relating to the victim's alleged prior allegations of sexual abuse (Id. at 284-88). This claim is in reality an extension of the prior claim, and the undersigned concludes that an evidentiary hearing is necessary to develop the record as to trial counsel's actions, strategy, and knowledge at the relevant time.

Having determined an evidentiary hearing is necessary, the undersigned will address whether one is permissible. The statute provides as follows:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

In this instance, Martin did not fail to develop the factual basis for his claims in state court. Martin first raised these claims in an 11.42 motion. The undersigned recently ordered the parties to investigate whether Martin's July, 2015, 11.42 motion was received by the prison's mailroom with sufficient postage as well as whether the Logan Circuit Court order of August 4, 2017, was sent to the prison (DN 39). The Warden responded (DN 40), and Martin responded as well (DN 45). Unfortunately, the supplemental briefing raises as many questions as it answers. For instance, both parties concede that the 11.42 motion was never sent through the prison's certified legal mail service (DN 40 at PageID # 943, DN 45 at PageID # 990). However, Martin maintains he did not use the prison's certified legal mail system and instead sent the motion through regular first class mail (DN 45 at PageID # 990). In support, Martin has provided a

CPO[1] receipt in the amount of $5.95, dated July 8, 2015, and carrying a memo line notation of "for legal mail" (DN 45-1 at PageID # 999). As the finder of fact, the undersigned concludes this receipt offers reliable evidence that Martin at least attempted in good faith to mail the documents.

Martin's claim finds further support in the fact that he subsequently filed a motion styled a "supplemental 11.42 motion" (DN 23-14, Supplemental RCr 11.42 Motion). In fact, Martin went so far as to file a motion with the Court of Appeals in an effort to expedite the adjudication of his 11.42 motion. Eventually, the Logan County Circuit Court dismissed the supplemental motion without addressing the merits of Martin's original 11.42 motion (DN 23-16, Order from Logan County Circuit Court). However, the Logan County Circuit Court apparently sent the order to Russellville, Kentucky, rather than the prison where Martin is housed, which is in Eddyville, Kentucky. As a result, Martin never received notice of the disposition of his 11.42 motion. This sequence of events leads to the conclusion that Martin did not fail to develop a factual basis for his claim in State court, meaning the heightened requirements of 28 U.S.C. § 2254(e)(2) do not apply. As a result, the undersigned concludes that an evidentiary hearing to address Martin's ineffective assistance of counsel claims is both necessary and permissible.

Finally, the appointment of counsel is mandatory when an evidentiary hearing is warranted and the petitioner financially qualifies to have counsel appointed under 18 U.S.C. §3006A. Rule 8(c) of the Rules Governing Section 2254 habeas cases; Wood v. Wainwright, 597 F.2d 1054 (5th Cir. 1979). Here, Martin has satisfied both elements, and counsel will be appointed.

---

[1] "CPO" stands for "cash paid out" and refers to the document reflecting withdrawals from a prisoner's trust account.

**ORDER**

**IT IS HEREBY ORDERED** that Martin's motions for an evidentiary hearing (DN 33) and for the appointment of counsel (DN 32) are **GRANTED**;

**IT IS FURTHER ORDERED** that the evidentiary hearing as called for above is **SET** for the **31st day of August, 2018, at 10:00 a.m., CDT**, at the United States Courthouse, 241 East Main Street, Bowling Green, Kentucky;

**IT IS FURTHER ORDERED** that Bryce L. Caldwell is appointed as CJA counsel for Martin and will represent Martin at the evidentiary hearing;

**IT IS FURTHER ORDERED** that the Commonwealth of Kentucky Department of Corrections shall **TRANSPORT** the prisoner, Rozell Deshun Martin, Prisoner Number 190026, from Kentucky State Penitentiary, Eddyville, Kentucky, to Bowling Green, Kentucky, **no later than August 31, 2018, at 10:00 a.m., CDT.** At the conclusion of the hearing, the Department of Corrections shall return the prisoner to the said institution.

ENTERED this June 1, 2018

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:   Rozell Deshun Martin, *pro se*
          Counsel