UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00177-GNS-HBB

ROZELL DESHUN MARTIN                                              PETITIONER

v.

RANDY WHITE                                                        RESPONDENT

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objections (DN 97, 99) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (DN 95), Respondent's Motion to Dismiss (DN 93), and Petitioner's Motion to Proceed *Pro Se* (DN 98). For the reasons stated below, the objections are **OVERRULED**, the R&R is **ADOPTED**, the motions are **DENIED AS MOOT**, and the Petition is **DENIED**.

## I.  STATEMENT OF CLAIMS

Petitioner Rozell Deshun Martin ("Martin") was indicted by a Logan Circuit Court grand jury for the crimes of incest and being a persistent felony offender. (R&R 2, DN 95). Martin allegedly engaged in sexual misconduct with his sixteen-year-old daughter, Jamie[1], after she moved in with him after living with other relatives. (R&R 2). Martin's live-in girlfriend subsequently contacted the Kentucky Department for Community Based Services to report an alleged sexual encounter between Martin and Jamie. (R&R 2).

---

[1] In the Kentucky Supreme Court's direct review of Martin's conviction, the court used the pseudonym of Jamie for the victim. *See Martin v. Commonwealth*, No. 2013-SC-000071-MR, 2014 WL 5410241, at *1 n.1 (Ky. Oct. 23, 2014).

1

After the jury was empaneled at Martin's trial, the trial court held an evidentiary hearing to determine whether Martin would be permitted to present evidence that Jamie had made a prior false allegation of abuse by her stepfather. (R&R 2-3). Martin's counsel represented to the court that he could not verify the veracity of the allegations or to whom the accusations were reported, but Martin intended to testify that it was his understanding that Jamie moved in with him due to the prior allegations against her stepfather. (R&R 2). The trial court excluded that evidence but permitted Martin to put evidence relating to this defense in the record by avowal. (R&R 2-3).

At trial, the girlfriend testified that she had discovered explicit messages between Martin and Jamie on Jamie's cell phone. (R&R 2). Jamie confirmed that Martin sent her the messages, and when confronted with the messages, Martin claimed that he intended to send the messages to someone else. (R&R 2). Jamie testified that Martin forced her to engage in oral sex and sexual intercourse. (R&R 2). As the sole witness called in his defense, Martin testified that the allegations were false and asserted that the messages were sent to both embarrass Jamie and to discourage her from viewing pornography. (R&R 2). The jury convicted Martin of one count of incest,[2] and he was sentenced to a term of twenty years in prison. (R&R 2 (citing *Martin*, 2014 WL 5410241, at *3-4)). On appeal, the Kentucky Supreme Court affirmed the conviction. *See Martin*, 2014 WL 5410241, at *1.

Martin subsequently moved to collaterally attack his conviction under Kentucky Rule of Criminal Procedure ("RCr") 11.42. (R&R 3). After Martin did not receive confirmation that his motion had been received by the Logan Circuit Court, Martin filed a supplemental motion more than one year later. (R&R 3). The Logan Circuit Court eventually denied the supplemental motion

---

[2] The Commonwealth's Attorney voluntarily dismissed the other charge prior to trial. (R&R 2 n.2).

but sent the order to Russellville, Kentucky, rather than to where Martin is imprisoned in Eddyville, Kentucky. (R&R 3-4). Martin also filed a writ of mandamus with the Kentucky Court of Appeals seeking to compel the Logan Circuit Court to rule on his RCr 11.42 motion. The Logan Circuit Court subsequently denied the initial motion on the basis that it never received the motion and denied the supplemental motion without conducting an evidentiary hearing. (R&R 4).

Martin filed a Petition for Habeas Corpus in this Court. (Pet., DN 1). Because Martin was unable to develop the factual basis in support of his RCr 11.42 motion, this Court found that the heightened requirements of 28 U.S.C. § 2254(e)(2) were inapplicable and granted Martin an evidentiary hearing. (R&R 4). Following the evidentiary hearing, the Magistrate Judge issued the R&R recommending the denial of Martin's Petition. (R&R 18).

## II. JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254(a).

## III. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted) (internal citation omitted) (citation omitted). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has concluded that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

When reviewing a magistrate judge's report and recommendation regarding a prisoner's petition for a writ of habeas corpus, "[a] judge . . . shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections "wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (internal quotation marks omitted) (citation omitted)). New arguments raised for the first time in a petitioner's objection to a magistrate judge's report and recommendation are considered waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Courts have applied this general rule in the habeas corpus context. *See Brewer v.*

*Bottom*, No. 10-26-KSF, 2012 WL 404878, at *8 (E.D. Ky. Feb. 8, 2012) (rejecting the petitioner's claim in habeas petition raised for the first time in objections to the report and recommendation and noting that "[t]hese reasons alone are sufficient grounds to reject [the petitioner's] objection.").

## IV. DISCUSSION

### A. Petitioner's Objections

Both Martin and his counsel have filed documents styled as objections to the R&R. The Court will address each separately.

#### 1. *Counsel's Objection*

Martin's counsel generally objects to the R&R and incorporates by reference the arguments previously raised in support of habeas relief. (Pet'r's Obj. 1-2, DN 97). As a sister court has aptly noted as to general objections, "[a] general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the [magistrate judge]'s efforts and wastes judicial economy." *United States v. Luke*, No. 6:15-CR-10-GFVT, 2016 WL 7191662, at *2 (E.D. Ky. Dec. 12, 2016) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also United States v. Chaplin*, No. 1:16-CR-00001-GNS, 2017 WL 1365226, at *3 n.1 (W.D. Ky. Apr. 7, 2017) ("At the end of his objections, Defendant 'incorporates by reference, all assertions, arguments and authority fully detailed in the Defendant's Motion to Suppress and Brief in Support of Motion to [S]uppress in addition to the arguments above.' That statement, however, does not constitute a 'specific written objection to the proposed findings and recommendations' as required by Fed. R. Civ. P. 72(b)(2)." (internal citation omitted) (citation omitted); *Manigaulte*, 659 F. Supp. 2d at 372 (citation omitted).

Notwithstanding counsel's general objection, the Court has reviewed the R&R for clear error. Because the Court has found no clear error, the Court will deny counsel's objection.

5

## 2. *Petitioner's Pro Se Objection*

Martin also filed a *pro se* objection to the R&R. (Pet'r's Obj., DN 99). Because Martin has identified specific grounds upon which he believes the Magistrate Judge erred in the R&R, the Court will consider his objection, which focuses solely on his ineffective assistance of trial counsel ("IATC") claim as to his attorney's purported failure to investigate whether Jamie had made a prior false allegation of abuse. (Pet'r's Obj. 1-3, DN 99).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the following standard applicable to IATC claims:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. In the R&R, the Magistrate Judge found that Martin failed to satisfy both prongs of *Strickland*.

### a. Deficient Performance

Martin contends that the Magistrate Judge erred in findings relating to the efforts of Martin's trial counsel to investigate prior allegation of abuse reported by Jamie. (Pet'r's Obj. 1-2, DN 99). Martin argues that the evidence does show that his trial counsel made serious errors which satisfies the first prong of *Strickland*. (Pet'r's Obj. 1-2).

Martin focuses on the Kentucky Supreme Court's decision affirming his conviction in which that court reviewed the evidence in the record regarding the prior allegation by Jamie. The Kentucky Supreme Court noted that there was insufficient evidence in the trial record regarding

attempts by Martin's counsel to investigate the prior allegation against Jamie's stepfather. *See Martin*, 2014 WL 5410241, at *2.

In the present action, however, the Magistrate Judge conducted an evidentiary hearing, and a record was developed as to the efforts of Martin's trial counsel, Christian Woodall ("Woodall") to investigate the prior allegation. As the Magistrate Judge stated in the R&R regarding the efforts of Woodall:

> Martin is incorrect that his counsel made "no efforts" to obtain any information related to the prior accusations against [the stepfather]. Woodall testified that he ordered the Cabinet for Health and Family Services records relevant to this case. Woodall was interested in these files as potential proof of Martin's claim that [Jamie] made prior false allegations of sexual abuse against her [by] [the stepfather]. The files proved unhelpful. Woodall testified, "there's really not that much there that's really, really helpful to the case in my judgment." In fact, the files state that the allegations of sexual abuse by [Jamie's] stepfather were substantiated by statements from [Jamie] and her sister. Woodall later testified that this notation alone would not preclude him from further investigating the allegations if other evidence existed to support their falsity, but none existed. Woodall conducted follow up interviews with Martin's mother and brother to assess [Jamie's] credibility. The record shows that Martin's counsel investigated the allegations, but the investigation proved fruitless. It appears the only evidence suggesting [Jamie's] allegations against [the stepfather] were false was Martin's unsubstantiated claims.

(R&R 14-15 (internal citations omitted) (citation omitted)). Thus, trial counsel's investigation appeared to substantiate Jamie's accusation against her stepfather, rather than undermining that accusation.[3]

For the reasons outlined in R&R and above, Martin has failed to show that his trial counsel's performance was defective. Accordingly, he has not met his burden to satisfy the first prong of IATC claim.

---

[3] Martin also points to another passage in the Kentucky Supreme Court's decision in which his trial attorney could not recall to whom Jamie made the prior allegation. (Pet'r's Obj. 1-2, DN 99); *Martin*, 2014 WL 5410241, at *2. His counsel's memory lapse or incorrect answer does not undermine Woodall's investigation appearing to substantiate Jamie's prior report of abuse.

7

### b. Prejudice

Martin also contends that the Magistrate Judge erred in finding that he had failed to satisfy the prejudice prong of *Strickland*. (Pet'r's Obj. 2-3, DN 99). As the Supreme Court has stated, "[w]hen a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. In particular, Martin argues that the Magistrate Judge considered the wrong hearing and applied the incorrect standard. (Pet'r's Obj. 2-3, DN 99).

The Court rejects that Martin's argument that the Magistrate Judge considered the wrong hearing in analyzing the prejudice prong. While Martin contends that the relevant hearing was the Logan Circuit Court's evidentiary hearing during the trial, *Strickland* and its progeny require this Court to consider whether the outcome of his trial would have been different if the evidence had been introduced. *See Strickland*, 466 U.S. at 695. The trial court's determination of the admissibility of the proffered evidence is part and parcel of the defense that Martin claims that he was improperly precluded from introducing at trial—that Jamie had made a previous false allegation of abuse. *See id.* ("In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.").

Martin's argument that the Magistrate Judge applied the incorrect standard also lacks merit. Under the approach adopted by Kentucky courts in determining the admissibility of prior allegations of sexual abuse:

> If the unrelated accusations are true, or reasonably true, then evidence of such is clearly inadmissible primarily because of its irrelevance to the instant proceeding. Additionally, unrelated allegations which have neither been proven nor admitted to be false are properly excluded. If demonstrably false, the evidence still must survive a balancing test, i.e., the probative value must outweigh the prejudicial effect.

*Hall v. Commonwealth*, 956 S.W.2d 224, 227 (Ky. 1997). As the Kentucky Supreme Court made clear in *Dennis v. Commonwealth*, 306 S.W.3d 466 (Ky. 2010), in addressing the "demonstrably false standard," "[s]elf-serving denials and investigations that do not exonerate but merely fail to substantiate are not sufficiently probative of falsity to justify breaching the alleged victim's shield." *Id*. at 475.

As the Magistrate Judge correctly noted, Martin has failed to meet his burden to prove the prejudice prong. (R&R 16). The Court will overrule his objection,

### B.     Certificate of Appealability

In the R&R, the Magistrate Judge recommended the denial of a certificate of appealability as to Martin's claims. (R&R 18). To be entitled to a certificate of appealability, Martin must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484. For the reasons outlined in the R&R and above in addressing the merits of Martin's claims, the Court concludes that no reasonable jurist would so find in this case.

### C.     Petitioner's Motion to Proceed *Pro Se*

Petitioner also moves to proceed *pro se* in presenting his objection to the R&R. He states that he has been unable to contact his appointed counsel, calls are not returned, and mail is returned unopened. Because the Court is overruling Petitioner's Objection and dismissing his Petition, the Court will deny this motion as moot.

### D.     Respondent's Motion to Dismiss

Respondent has moved to dismiss the Petition. Because the Court is dismissing the Petition, the Court will deny this motion as moot.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections (DN 97, 99) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 95) are **OVERRULED**.

2. The Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation (DN 95) is **ADOPTED** as and for the opinion of this Court.

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED**.

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

5. Respondent's Motion to Dismiss (DN 93) and Petitioner's Motion to Proceed *Pro Se* (DN 98) are **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

March 27, 2020

cc: counsel of record
Rozell Deshun Martin, *pro se*